UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | Civil Action No. 5:07-60-JMH |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| LYNN CLAY WISEMAN, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

** ** ** ** **

This matter is before the Court on the defendants' motions to dismiss this action for lack of subject matter jurisdiction [Record Nos. 8 and 9]. The parties have fully briefed the issue, and this matter is now ripe for review.

**PROCEDURAL AND FACTUAL BACKGROUND**

On August 3, 2006, Defendant Fred Feltman Roser, IV filed a Complaint against Defendants Lynn Clay Wiseman, Sr. and Nancy F. Wiseman in Fayette Circuit Court (the "state court action"). The suit alleged, *inter alia*, that, on September 4, 2005, Lynn Wiseman struck Roser with a blunt instrument to the head, causing a severe brain injury. Roser brought a claim for negligence that Lynn Wiseman's conduct and actions reflected a level of gross negligence and/or reckless disregard for Roser's life and safety such that punitive damages are justified. *Complaint* at 2, *Roser v. Wiseman*, Case No. 06-CI-3306 (Fayette Circuit Court filed Aug. 3, 2006). Lynn Wiseman's culpability is clearly at issue in the state court

action.

At the time of the alleged assault, Wiseman was insured under a homeowner's insurance policy with Plaintiff State Farm Fire and Casualty Company ("State Farm").   State Farm is defending the Wisemans in the state court action under a reservation of rights.

On February 26, 2007, State Farm filed a petition in this Court pursuant to 28 U.S.C. § 2201, seeking a declaration that the Wisemans' policy does not provide coverage for the subject incident because it does not qualify as a covered occurrence or because it is barred by an exclusion for any bodily injury that is either expected or intended by the insured or the result of willful and malicious acts of the insured.   Prior to the petition for Declaratory Judgment, State Farm attempted to intervene in the state court action.  Roser and the Wisemans objected, arguing that State Farm's intervention would create an ethical conflict of interest and that the trial court would be forced to decide factual issues separate and distinct from the underlying causes of action. In response, State Farm withdrew its motion to intervene and filed this action.

## ANALYSIS

The Declaratory Judgment Act ("DJA") states:

In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

2

28 U.S.C. § 2201(a). Whether a district court exercises jurisdiction under this statute, however, is within its discretion. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (noting that Congress, through the Act, "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants").

"'[D]eclaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court.'" *Bituminous Cas. Corp. v. J&L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004) (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)). Instead, this type of declaratory action is better "'filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem.'" *Id.* (quoting *Manley*, 791 F.2d at 463). On the other hand, there is no "per se rule against a district court's entertaining a declaratory judgment action to determine an insurer's liability when a tort action is pending against its insured in a state court." *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir. 1990), *abrogated on other grounds by Wilton*, 515 U.S. at 289-90, 115 S.Ct. 2137.

District courts should consider the following five factors in deciding whether to exercise jurisdiction over a declaratory judgment action:

(1) whether the judgment would settle the controversy;
(2) whether the declaratory judgment action would serve

3

a useful purpose in clarifying the legal relations at
issue;
(3) whether the declaratory remedy is being used merely
for the purpose of "procedural fencing" or "to provide an
arena for a race for res judicata";
(4) whether the use of a declaratory action would
increase the friction between our federal and state
courts and improperly encroach on state jurisdiction; and
(5) whether there is an alternative remedy that is better
or more effective.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

The undersigned judge routinely exercises jurisdiction over
Declaratory Judgment claims involving insurance coverage of state
court tort claims. *See Nationwide Mutual Fire Ins. Co. v. Creech*,
431 F. Supp. 2d 710 (E.D. Ky. 2006); *Progressive Northern Ins. Co.
v. Marsh*, No. 05-517, 2006 WL 2734463 (E.D. Ky. Sept. 25, 2006);
*Owners Ins. Co. v. Hearn*, No. 05-513, 2006 WL 2873177 (E.D. Ky.
Oct. 5, 2006).[1]  However, in this case, the Court may be required
to consider factual issues that are also before the state court.
Specifically, State Farm has alleged that the insurance coverage
for the state court claims "is barred by policy exclusions for
bodily injury which is either expected or intended by the insured
or which is the willful and malicious acts of the insured."

---

[1] Defendants cite Judge Forester's decision in *Progressive Max
Ins. Co. v. Ross*, No. 06-119, 2007 WL 608372 (E.D. Ky. Feb. 22,
2007), in support of their motion to dismiss.  Under facts very
similar to those in *Creech*, *Marsh*, and *Hearn*, Judge Forester found
that the *Scottsdale Ins. Co.* factors weighed against the exercise
of jurisdiction.  Since there are no factual differences between
*Ross* and the above three cases that would justify the different
outcomes, it appears that the Eastern District of Kentucky is split
on this issue.

4

(Petition for Declaratory Judgment at 3).  In other words, this Court may be required to consider Lynn Wiseman's culpability, which, as mentioned above, is also at issue in the state court action.

1.  *Whether the judgment would settle the controversy*

Though the coverage issue presented by this action is not before the state court, this Court cannot fully determine the coverage issue without considering Defendant Lynn Wiseman's level of culpability, i.e. whether the alleged injury was expected or intended or whether it was the result of willful and malicious conduct.  As a result, this Court cannot completely settle the question of coverage without encroaching on an issue that is also before the state court.  This factor therefore weighs against exercising jurisdiction.

2. *Whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue.*

This factor weighs in favor of exercising jurisdiction.  A declaratory judgment action serves a useful purpose if "a declaratory plaintiff will suffer injury unless legal relations are clarified."  *Amsouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004).  While a declaration of coverage (or non-coverage) "may not assist the state court in resolving the issues before it, [] it will not conflict with the state court's conclusions and it will serve a useful purpose in clarifying and settling the legal relations to the extent that they arise from the Policy." *Creech*,

5

431 F. Supp. 2d at 714.  Since State Farm is currently obligated to defend the state court suit under a reservation of rights, it will suffer injury in the form of litigation costs until the coverage issue is settled.

*3. Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"*

There is no suggestion of procedural fencing in this case. State Farm originally tried to intervene in the state court action and instituted this action only after the Wisemans and Roser objected.  State Farm could have also filed a state court declaratory judgment action, but nothing on the record suggests that State Farm chose the federal court alternative in bad faith.

*4.  Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction.*

District courts consider the following three additional factors when undertaking an analysis under this factor:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous Cas. Corp.*, 373 F.3d at 814-15 (citing *Scottsdale Ins.*, 211 F.3d at 968).

This factor weighs strongly against exercising jurisdiction.

6

In order to fully resolve the coverage issue, this Court will have to consider Lynn Wiseman's culpability.  The Court would encroach on the state court's jurisdiction by doing so because the state court would be forced to either follow this Court's decision or risk an inconsistent decision.  The state court is also in a better position to evaluate Lynn Wiseman's culpability since the issue is purely a matter of Kentucky law.

*5.   Whether there is an alternative remedy that is better or more effective.*

Even if the state court finds that intervention is improper, State Farm could still file a state court declaratory judgment action under KRS § 418.040.  "[T]he Sixth Circuit has held that a separate civil state court action on defense and indemnity issues is usually a better and more effective remedy than a declaratory action in federal court."  *Bituminous Cas. Corp. v. Combs Contracting, Inc.*, 236 F. Supp. 2d 737, 746 (E.D. Ky. 2002) (citing *Mercier*, 913 F.2d at 278; *Manley*, 791 F.2d at 462-63; *American Home Assurance Co. v. Evans*, 791 F.2d 61, 62 (6th Cir. 1986)).

On balance, these factors do not weigh in favor of jurisdiction when insurance coverage may depend on a fact at issue in the state court action.  In a case such as this, the Court must either render a judgment that encroaches on state court jurisdiction or skirt the issue in such a way that the controversy may not be fully settled.

Accordingly, **IT IS ORDERED**

7

(1)   That the defendants' motions to dismiss this declaratory judgment action [Record Nos. 8 and 9] be, and the same hereby are, **GRANTED**.

(2)   That this declaratory judgment action be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE**.

This the 9th day of April, 2007.



**Signed By:**

**_Joseph M. Hood_**

**United States District Judge**

8